THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____ :
In Re Benicar® (Olmesartan) Products :
Liability Litigation MDL No. 2606 : Master Docket No. 15-2606 (RBK/JS)
 :
This document relates to: : Civil Action No: 1:15-cv-02526
 :
William H. von Eberstein, Jr. and :
Theresa Breland von Eberstein :
 *Plaintiffs*, :
 v. : **OPINION**
 :
DAIICHI SANKYO, Inc., *et al.*, :
 *Defendants*. :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants' ["Daiichi Sankyo"] unopposed motion ["the motion"] to seal (ECF No. 67) Exhibit A to their motion for summary judgement filed 10 August 2018. For the reasons below, the motion to seal Exhibit A is **GRANTED**. An appropriate Order accompanies.

**1.0 Facts and Procedural Background**

This Multi-District Litigation ["MDL"] concerns injuries caused to some persons who took one or more of four prescription drugs[1] for high-blood pressure, collectively called Benicar®, and who filed docket matters, which were consolidated in this Court as MDL 2606 in April 2015 and which settled August 2017. Almost all MDL plaintiffs[2] have enrolled in the settlement program ["Olmesartan settlement"] and thus their MDL cases have terminated. As of this date, William and Theresa von Eberstein have not enrolled in the Olmesartan settlement and seek damages from defendants. On 10 August 2018, defendants filed a motion for summary judgement, including Exhibit A which contains personal medical information of the plaintiffs, and an accompanying motion to seal that Exhibit.

**2.0 Legal Standard**

Filed materials and judicial proceedings are subject to a presumptive right of public access. *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993). This Court's Local Civil

---

[1] Benicar®, Benicar® HCT, Tribenzor®, Azor®
[2] Except for fewer than four

1

Rule ["L. Civ. R."] 5.3(c) governs all motions to seal or to otherwise restrict public access to judicial proceedings and materials filed with the Court.

Specifically, L. Civ. R. 5.3(c)(2) guides that, for a Court to place a docket entry under seal, the motion to seal must be publicly filed and describe:

"(a) the nature of the materials or proceedings at issue,

(b) the legitimate private or public interests which warrant the relief sought,

(c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available."

A "common law public right of access to judicial proceedings and records" is well-established (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)), consistent with the First Amendment precedent, and creates the presumption that documents filed with the court and judicial proceedings are open to the public. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *FTC v. Lane Labs-USA, Inc., et al.*, No. 00-3174, 2007 WL 316462, at *1 (D.N.J. 30 Jan 2007). To overcome the presumption, movant must show there is "good cause" to protect the relevant material (*Securimetrics, Inc. v. Iridian Techs., Inc.*, No. 03-4394, 2006 WL 827889, at *2 (D.N.J. 30 Mar 2006)), that is, provide a particularized showing that disclosure will result in "clearly defined and serious injury to the party seeking closure." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). In other words, the movant must prove the relevant information is confidential and that allowing the general access to it will cause a specific and serious injury. *Pansy*, 23 F.3d at 788.

3.0     Discussion

Defendants, in their unopposed motion, have shown both the confidentiality of Exhibit A and that its disclosure will cause a specific and serious injury. Exhibit A contains excerpts from plaintiff's medical records, which the Health Insurance and Portability Act of 1966 ["HIPAA'"] defines as confidential, protected health information ["PHI"] and prohibits "business associates", which include attorneys engaged in litigation, from disclosing such PHI. Federal law prevents Exhibit A being disclosed to the general public.

Although HIPAA regulations at 45 C.F.R. 164.512 do permit limited disclosure of PHI in very limited circumstances, e.g., to advance public health activities during a public health crisis or respond to a law enforcement proceeding, none of these enumerated circumstances applies here. Defendants argue correctly the general right of the public to know does not defeat the statutorily-required confidentiality of Exhibit A because Congress has determined a non-exigent disclosure of a citizen's PHI creates a serious and substantial breach of privacy.

**4.0  Conclusion**

For the foregoing reasons, defendants' motion to seal Exhibit A to their summary judgement motion filed 10 Aug 2018 is **GRANTED.**

Dated: 13 September 2018                             s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United State District Judge